UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TOWNSEND, | No. 2:22-cv-01278 AC |
| Plaintiff, | |
| v. | ORDER |
| PATRICK PARRISH, et al., | |
| Defendants. | |

  Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

 I. <u>Application to Proceed In Forma Pauperis</u>

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

2

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

On July 20, 2020, while an inmate at High Desert State Prison, plaintiff alleges that several correctional officers used excessive force against him causing him to be injured. Specifically, he alleges that defendants Kingsley and Montoya struck him with a baton while he was laying on the ground. Defendant Parrish grabbed plaintiff's throat and defendant Glenn continued to apply pressure to plaintiff's legs even after he was told that he was hurting him. Plaintiff alleges that defendants Sevy, Parrish, and Ortiz made false statements in their reports about this incident. Defendant Riging reached for plaintiff in a very fast manner.

IV.   Claims for Which a Response Will Be Required

The complaint adequately states an Eighth Amendment excessive force claim against defendants Kingsley, Montoya, Parrish, and Glenn.

V.   Failure to State a Claim

Plaintiff's allegations related to filing a false report do not establish a claim for relief against defendants Sevy, Parrish, and Ortiz. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir.

3

1984).  An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right.  See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).  Plaintiff does not allege a cognizable claim against defendants Sevy, Parrish, and Ortiz for filing false reports because there is no allegation that the reports were written in retaliation for plaintiff's prior grievances or other protected conduct.  Accordingly, plaintiff fails to state a cognizable claim based on the issuance of false reports.

Nor is service appropriate for defendant Riging as the complaint merely indicates that he approached plaintiff and reached for him very fast.  This is not sufficient to establish an Eighth Amendment excessive force claim.  The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  There is no allegation that defendant Riging engaged in any action that caused plaintiff unnecessary and wanton pain.  For this reason, the complaint is not sufficient to state an Eighth Amendment excessive force claim against defendant Riging.

VI.     Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Riging, Sevy, Glenn, and Ortiz.  However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.  Plaintiff may proceed forthwith to serve defendants Kingsley, Montoya, Parrish, and Glenn on his Eighth Amendment excessive force claim or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his Eighth Amendment excessive force claims against defendants Kingsley, Montoya, Parrish, and Glenn without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without

amending the complaint will be considered a voluntarily dismissal without prejudice of defendants Riging, Sevy, Glenn, Ortiz and the false report claim against defendant Parrish.

### VII. Amended Complaint Standards

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VIII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have a choice to make. You may either (1) proceed immediately on your Eighth Amendment excessive force claims against defendants Kingsley, Montoya, Parrish, and Glenn

5

1 and voluntarily dismiss the other claims or (2) try to amend the complaint. If you want to go
2 forward without amending the complaint, you will be voluntarily dismissing without prejudice
3 your claims defendants Riging, Sevy, Glenn, Ortiz and the false report claim against defendant
4 Parrish. **You must complete the attached notification showing what you want to do and**
5 **return it to the court.** Once the court receives the notice, it will issue an order telling you what
6 you need to do next (i.e. file an amended complaint or wait for defendants to be served).

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

   2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

   3. Plaintiff's claims against defendants Riging, Sevy, Glenn, Ortiz, and the false report claim against defendant Parrish do not state claims for which relief can be granted.

   4. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claims against defendants Kingsley, Montoya, Parrish, and Glenn, as set forth in Section IV above, or to amend the complaint.

   5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Riging, Sevy, Glenn, Ortiz, and the false report claim against defendant Parrish.

DATED: April 9, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TOWNSEND,<br><br>        Plaintiff,<br><br>   v.<br><br>PATRICK PARRISH, et al.,<br><br>        Defendants. | No.  2:22-cv-01278-AC<br><br><br>NOTICE OF ELECTION |

      Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claims against defendants Kingsley, Montoya, Parrish, and Glenn without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants Riging, Sevy, Glenn, Ortiz, and the false report claim against defendant Parrish pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                  Joseph Townsend<br>                                                  Plaintiff pro se