1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                  FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JOSEPH TOWNSEND,                          No.  2:22-cv-1278 DJC AC P
12                 Plaintiff,
13          v.                                 ORDER
14   PARRISH, et al.,
15                 Defendants.
16
17          Plaintiff is a former state prisoner proceeding without counsel in a civil rights action
18   pursuant to 42 U.S.C. § 1983.  Currently before the court are plaintiff's motion for an extension
19   of time, and defendants' motion to compel.  ECF No. 42, 49.
20       I.      Pertinent Background
21          On August 8, 2025, defendants filed a motion to compel discovery and to deem requests
22   for admissions admitted.  ECF No. 42.  They also filed a motion for administrative relief seeking
23   to extend the time for defendants to file any necessary, further motions to compel and for all
24   parties to file pre-trial motions based on the resolution of defendants' motion to compel.  ECF
25   No. 43.
26          On August 13, 2025, the court granted defendants' motion for administrative relief.  ECF
27   No. 45.  In pertinent part, the order states the following:
28   ////
                                              1

1

2

3

4

5

> In the event Defendants' motion to compel (ECF No. 42) is granted, Defendants may file and serve any necessary further motions to compel Plaintiff's deposition or responses to written discovery up to, and including, 45-days from the date Plaintiff serves the court-ordered discovery responses or completes his deposition, whichever is later. All parties may file and serve pre-trial motions up to, and including, 90-days from the date Plaintiff serves the court-ordered discovery responses or completes his deposition, whichever is later.

6    Id. at 1-2.

7        On October 30, 2025, after almost three months with no response or opposition to

8    defendants' motion to compel, the court issued an order requiring plaintiff to file and serve an

9    opposition or statement of non-opposition by November 20, 2025. See ECF No. 47.[1]  Plaintiff

10   was warned that failure to comply would result in a recommendation that this action be dismissed

11   for failure to prosecute.  Id.[2]

12       On December 8, 2025, more than two weeks after the new deadline, the undersigned

13   issued findings and recommendations recommending that this action be dismissed without

14   prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with

15   the court's order.  ECF No. 48.  Plaintiff was given until December 22, 2025, to file objections.

16   See Id. at 2.

17       On December 29, 2025, plaintiff filed a motion for a sixty-day extension of time.  ECF

18   No. 49.

19   II.    Plaintiff's Motion for an Extension of Time (ECF No. 49)

20       Plaintiff's motion for an extension of time does not specify whether plaintiff seeks an

21   extension to respond to defendants' motion to compel or to file objections to the December 8,

22   2025, findings and recommendations.  See Id.  It does, however, state that upon release, plaintiff

23   plans to file an opposition to the motion concerning his deposition.  Accordingly, the court

24   construes plaintiff's motion as a motion for a sixty-day extension of time to file an opposition to

25   defendants' motion to compel.

26

27   [1]  Pursuant to Local Rule 230(l), an opposition was due September 2, 2025.

28   [2]  Plaintiff has received prior warnings that this action would be dismissed due to his for failure to participate and comply with court orders.  ECF Nos. 25, 27.

1    According to plaintiff, he seeks an extension because he was incarcerated in June 2025

2  due to a parole violation, he was struck by a vehicle on August 31, 2025, he then faced

3  homelessness and lived in a shelter and was rearrested on November 9, 2025.  Id.  Plaintiff also

4  notes that he is set to be released on January 4, 2026.  Id.

5    Plaintiff has not established good cause for an extension because he does not explain

6  what, if anything, prevented him from preparing an opposition before his accident on August 31,

7  2025, which was only two days before his deadline, nor does he explain how his accident, his

8  homelessness, or subsequent incarceration prevented him from seeking an extension at an earlier

9  date and/or preparing his opposition to defendants' motion to compel.  Five months is long

10  enough.

11    Accordingly, plaintiff's motion will be denied, and defendants' motion to compel will be

12  deemed unopposed.  However, in light of plaintiff's reappearance and expressed intent to pursue

13  the case, the undersigned will withdraw the December 8, 2025, findings and recommendations.

14    III.    Defendants' Motion to Compel Discovery

15    Defendants' motion to compel discovery seeking an order to (1) compel plaintiff's

16  meaningful participation in his deposition, (2) compel responses to defendants' interrogatories

17  and requests for production of documents within forty-five days of the court's order compelling

18  responses, (3) deem defendants' requests for admissions admitted, and (4) warn plaintiff that his

19  case may be dismissed if he refuses to meaningfully participate in his deposition or respond to

20  written discovery.  ECF No. 42.  Defendants claim that although plaintiff appeared for his

21  deposition, he refused to answer any questions about his prior convictions or potential experts,

22  even subject to objections.  Id. at 4-7.  Defendants also claim that plaintiff completely failed to

23  respond to properly served requests for admissions (RFAs), interrogatories (ROGs), and requests

24  for production (RFPs), and as a result should be compelled to respond to the ROGs and RFPs and

25  plaintiff's responses to defendant's RFAs should be deemed admitted.  Id. at 7-9.

26    Because plaintiff has failed to timely respond to defendants' discovery requests,

27  meaningfully participate in his deposition, demonstrate that these failures were justified, and

28  timely file an opposition, defendants' motion will be granted.

1    Defendants will be given another opportunity to depose plaintiff within forty-five days

2    from the date of this order.  Plaintiff must fully and meaningfully participate during his

3    deposition.

4    Plaintiff is advised that he will be required to answer questions about his convictions

5    and/or proposed experts even if he thinks the questions are irrelevant or exceed the scope of the

6    deposition.  Doe v. City of San Diego, No. 12-cv-0689 MMA (DHB), 2013 WL 6577065, at *5,

7    2013 U.S. Dist. LEXIS 179077, at *13 (S.D. Cal. Dec. 13, 2013) ("objections that questions have

8    been asked and answered, exceeded the scope of the deposition, lacked relevance, assumed facts,

9    and misstated [a deponent's] prior testimony are improper grounds for instructing a witness not to

10   answer"); Covington v. Curtis, No. SA CV 12-1258 FMO (ANx), 2013 U.S. Dist. LEXIS 53406,

11   at *6 (C.D. Cal. Apr. 12, 2013) (a deponent cannot refuse to answer a questions on the ground

12   that it has been asked and answered or that it is irrelevant); see also Rutter Group Prac. Guide

13   Fed. Civ. Pro. Before Trial Ch. 11(IV)-A § 11:1565 ("Rule 30(c)(2) renders 'relevancy'

14   objections meaningless in most depositions.  The deponent must even answer questions calling

15   for blatantly irrelevant information 'subject to the objection.'"); see also Vasquez v. Leprino

16   Foods Co., No. 1:17-cv-0796 AWI BAM, 2019 WL 1934015, at *2, 2019 U.S. Dist. 73777, at

17   *14-15 (E.D. Cal. May 1, 2019) (objection that a question is beyond the scope is improper).

18   Plaintiff is further advised that Federal Rule of Civil Procedure 30(c)(2) provides the

19   exclusive grounds for a deponent not to answer a question.  Covington, 2013 U.S. Dist. LEXIS

20   53406, at *6; Moore v. Stepp, No. C 11-5395 CW PR, 2013 WL 1832640, at *4, 2013 U.S. Dist.

21   LEXIS 62526, at *10 (N.D. Cal. May 1, 2013).  A deponent does not need to answer a question

22   "*only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to

23   present a motion under Rule 30(d)." Fed. R. Civ. P. 30(c)(2) (emphasis added).  Because the court

24   has not set any limitations, plaintiff can object to a question but must proceed to answer each

25   question unless he is asserting a valid privilege or ending the deposition in order to present a

26   motion under Rule 30(d)(3).

27   Defendants will be required to re-serve plaintiff with defendants' first set of RFPs, ECF

28   No. 42-1 at 27-31, and first set of ROGs, id. at 33-38, within fourteen (14) days from the date of

4

this order.  Plaintiff's responses, without objections, will be due forty-five (45) days from the date of re-service.  See Fed. R. Civ. P. 37(c)(1) (outlining sanctions for failure to disclose information).

Defendants' RFAs, ECF No. 42-1 at 6-12, will be deemed admitted.  Fed. R. Civ. P. 36(a)(3) (when a party fails to timely respond to RFAs, those requests are automatically deemed admitted).

Plaintiff is warned that refusing to answer questions during his deposition based on improper objections, recklessly asserting non-applicable privilege to avoid answering questions, terminating a deposition where it is not warranted, and failing to respond to ROGs and RFPs will not be tolerated and may result in sanctions, including the termination of this action.

IV.    Further Scheduling Order

In light of the above ruling on defendants' motion to compel, the court amends its August 13, 2025, order as follows.  If plaintiff fails to meaningfully participate in his deposition or to answer the ROGs and RFPs, no further motions to compel are necessary.  Instead, defendants' may seek sanctions, including terminating sanctions.  All pretrial motions,[3] except motions directly related to trial proceedings, shall be filed within ninety (90) days from the date plaintiff serves the court-ordered discovery responses or completes his deposition, whichever is later.  When the later event has occurred, defendants shall file a status report informing the court of the date of completion of discovery.

V.    Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1.  The December 8, 2025, findings and recommendations (ECF No. 48) are WITHDRAWN.

2.  Plaintiff's motion for an extension of time (ECF No. 49) is construed as motion for an extension to file an opposition to defendants' motion to compel (ECF No. 42) and is DENIED.

_____

[3]  This includes motions for summary judgment under Federal Rule of Civil Procedure 56.

3.  Defendants' motion to compel (ECF No. 42) is GRANTED.

4.  Within fourteen (14) days from the date of this order, defendants shall re-serve plaintiff with their first sets of ROGs and RFPs.  Plaintiff has forty-five (45) days from the date of re-service to respond without objection.

5.  Within forty-five (45) days from the date of this order, defendants shall complete plaintiff's deposition.

6.  Once defendants have received written discovery responses and completed plaintiff's deposition, defendants shall file a status report with the court informing the court of the completion of discovery.

7.  Within ninety (90) days from the completion of discovery, the parties shall file any pretrial motions, including motions for summary judgment.

DATED: January 8, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6