UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TOWNSEND,<br>Plaintiff,<br>v.<br>PARRISH, et al.,<br>Defendants. | No. 2:22-cv-1278 DJC AC PC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding without counsel in a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' motion for terminating sanctions. ECF No. 51. Plaintiff has not responded, though he did file a response to the court's prior order directing him to comply with discovery. ECF No. 52. Defendants filed a notice of plaintiff's failure to comply with the court's prior order. ECF No. 53.

## I. Procedural History

On August 8, 2025, defendants filed a motion to compel discovery and to deem requests for admissions admitted. ECF No. 42. They also filed a motion for administrative relief seeking to extend the time for defendants to file any necessary, further motions to compel and for all parties to file pre-trial motions based on the resolution of defendants' motion to compel. ECF No. 43. On August 13, 2025, the court granted defendants' motion for administrative relief. ECF No. 45. In pertinent part, the order states the following:

> In the event Defendants' motion to compel (ECF No. 42) is granted, Defendants may file and serve any necessary further motions to compel Plaintiff's deposition or responses to written discovery up to, and including, 45-days from the date Plaintiff serves the court-ordered discovery responses or completes his deposition, whichever is later. All parties may file and serve pre-trial motions up to, and including, 90-days from the date Plaintiff serves the court-ordered discovery responses or completes his deposition, whichever is later.

Id. at 1-2.

On October 30, 2025, after almost three months with no response or opposition to defendants' motion to compel, the court issued an order requiring plaintiff to file and serve an opposition or statement of non-opposition by November 20, 2025. See ECF No. 47. Plaintiff was warned that failure to comply would result in a recommendation that this action be dismissed for failure to prosecute. Id. Plaintiff has received multiple prior warnings that this action would be dismissed due to his failure to participate and comply with court orders. ECF Nos. 25, 27.

On December 8, 2025, more than two weeks after the new deadline, the undersigned issued findings and recommendations recommending that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with the court's order. ECF No. 48. Plaintiff was given until December 22, 2025, to file objections. See Id. at 2. On December 29, 2025, plaintiff filed a motion for a sixty-day extension of time. ECF No. 49. Considering plaintiff's reappearance and expressed intent to pursue the case, the undersigned withdrew the December 8, 2025 findings and recommendations and ruled on the motion to compel. ECF No. 50 at 3. The motion to compel was granted, and plaintiff was ordered to respond to written discovery without objection and to appear for and properly participate in his deposition. Id. at 6.

On March 2, 2026, defendants filed a notice regarding plaintiff's failure to comply with the court's order at ECF No. 50. ECF No. 53. Plaintiff did not respond to the notice. Plaintiff did file a brief response to the court's order, stating that he couldn't attend his prior deposition due to a mandated class, and asserting that he did not have proper notice. ECF No. 52.

## II. Motion for Terminating Sanctions

Defendants move for terminating sanctions on the grounds that plaintiff has willfully

refused to participate in discovery—most recently by completely failing to comply with the court's order to provide responses to his interrogatories and requests for production, and to participate in how own deposition—and had intentionally disobeyed court orders. ECF No. 51. Defendants note that plaintiff has been warned no less than five times throughout the pendency of this case that his failure to properly participate in the litigation could result in terminating sanctions. ECF No. 51 at 3 (citing ECF No. 25 at 2:8-10; ECF No. 27 at 2:19-21; ECF No. 47 at 1:22-24; ECF No. 48 at 1:22-25).

The Local Rules of the Eastern District of California provide wide latitude to the court with regard to sanctions. Under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty . . . it should only be imposed in *extreme circumstances*." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))). The court must consider five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted).

Not all factors must weigh in favor of dismissal for the sanction to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

A. Public Interest in the Expeditious Resolution of Cases

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). In this case, plaintiff has completely and repeatedly failed to fulfill his discovery obligations and comply with this court's discovery orders. His refusal to comply with discovery obligations has delayed the expeditious resolution of this case, which has now been pending for more than four years without progressing. The public interest in efficient resolution of cases has thus been thwarted by plaintiff's refusal to participate in the discovery process. This factor weighs in favor of terminating sanctions.

B. The Court's Need to Manage Its Docket

Plaintiff's continued failure to cooperate in discovery and follow the court's instructions has already consumed a considerable amount of limited judicial time and resources. The Eastern District of California has one of the heaviest caseloads in the country, and plaintiff's continued refusal to participate in the discovery process has already resulted in two motions to compel, which demanded this court's attention, time, and resources, and the instant motion for sanctions. Considerations of judicial economy weigh in favor of terminating sanctions. Ferdik, 963 F.2d at 1261 (finding that it was necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants"). This factor weights in favor of terminating sanctions.

C. Risk of Prejudice to the Defendant

"While [the mere pendency of a lawsuit] may be prejudicial, it cannot, by itself, be considered prejudicial enough to warrant dismissal." Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)). Rather, "[i]n determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." Malone, 833 F.3d at 131 (citation omitted). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 991).

Plaintiff has, in defiance of this court's clear order, failed to provide discovery responses. ECF No. 51 at 3. He also refused to appear at his properly noticed deposition. Id. Defendant is entitled to depose plaintiff and have his discovery requests answered; plaintiff's complete refusal to engage in the discovery process is decidedly prejudicial to defendant. Accordingly, this factor also favors dismissal.

D. Public Policy Favoring Merits Resolution

The general policy favoring disposition of cases on their merits always weighs against terminating sanctions. Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, this policy alone is not sufficient to outweigh the other factors discussed herein. Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (citation omitted).

E. Availability and Effectiveness of Lesser Sanctions

The court finds no lesser sanctions that would be satisfactory or effective. Plaintiff is proceeding in forma pauperis, making it unlikely that monetary sanctions will induce him to cooperate or prosecute his case. ECF No. 6. Nor does it appear that evidentiary sanctions would be an effective alternative, as exclusionary sanctions would likely have the same effect as dispositive sanctions given plaintiff's complete failure to participate in discovery. Further, as stated above, plaintiff has received no fewer than five warnings that his failure to participate in discovery, respond to defendant's motions, or comply with court orders could result in sanctions or the dismissal of this action. ECF No. 51 at 3, citing ECF No. 25 at 2:8-10; ECF No. 27 at 2:19-21; ECF No. 47 at 1:22-24; ECF No. 48 at 1:22-25. This does not include the court's most

recent order, which also contained a clear warning. ECF No. 50. The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement," Ferdik, 963 F.2d at 1262 (citing Malone, 833 at 132-33; Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)). For these reasons, the court finds that lesser sanctions would be ineffective and insufficient to address plaintiff's behavior.

For all the reasons explained above, the undersigned finds that terminating sanctions are justified and recommends dismissal of this case.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the motion for terminating sanctions (ECF No. 51) be GRANTED and that this case be dismissed in its entirety, with prejudice, for plaintiff's repeated and willful failure to participate in discovery and comply with court orders. See Fed. R. Civ. P. 37(b)(2)(A); Fed. R. Civ. P. 41(b); L.R. 110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE